UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AMADA GONZALEZ,

Case No.:

Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
a foreign corporation, doing business in
Florida,

Defendant.
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, AMADA GONZALEZ, by and through her undersigned counsel, hereby sues the Defendant, ROYAL CARIBBEAN CRUISES LTD., a foreign corporation, and alleges as follows:.

**Parties, Jurisdiction and Venue**

1. The matter in controversy exceeds the sum or value of $75,000 pursuant to 28 U.S.C. § 1332 (a), exclusive of interest and costs. In the event diversity jurisdiction does not apply, then this matter is brought under the admiralty and maritime jurisdiction of this court pursuant to 28 U.S.C. § 1333.

2. Plaintiff, AMADA GONZALEZ (hereinafter "GONZALEZ" or "Plaintiff"), is a citizen of the United States and resides in the state of Florida.

3. Defendant, ROYAL CARIBBEAN CRUISES LTD. (hereinafter "ROYAL CARIBBEAN"), is a foreign profit corporation with its principal place of business in Miami, Florida.

4. At all times material hereto, ROYAL CARIBBEAN personally and/or through an agent:

a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

b. Was engaged in substantial activity within this state;

c. Operated vessels in the waters of this state;

d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 and/or 48.193;

e. The acts of Defendants set out in this Complaint occurred in whole or in part in this county and/or state.

5. ROYAL CARIBBEAN issued a written contract of carriage to GONZALEZ, attached hereto as Exhibit "A"; specifically, section 9 – "Forum Selection Clause for All Lawsuits; Class Action Waiver" that requires suit to be litigated in the United States District Court for the Southern District of Florida in Miami.

6. ROYAL CARIBBEAN did business under its trademark of Royal Caribbean International and was the owner and operator of a cruise ship known as the M/V NAVIGATOR OF THE SEAS.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

**Count I**

Plaintiff realleges each and every allegation contained in paragraphs 1 through 7 above and further alleges:

8. On or about February 20, 2016, GONZALEZ was a passenger for hire on the vessel, M/V NAVIGATOR OF THE SEAS, on a cruise.

9. GONZALEZ paid ROYAL CARIBBEAN the duly specified fare for such cruise.

10. At all times material hereto, ROYAL CARIBBEAN had exclusive custody and control of the M/V NAVIGATOR OF THE SEAS, including the ship's dining areas.

11. On or about the above date, ROYAL CARIBBEAN was negligent in creating and/or not correcting a dangerous condition and failing to warn Plaintiff of said condition, to wit: an area that was not marked or painted to indicate a drop-off from one level to another level, causing GONZALEZ to fall when she was walking in a dining area on the ship.

12. At all times material hereto, ROYAL CARIBBEAN negligently failed to determine the hazards posed to GONZALEZ, failed to eliminate or correct the hazard, failed to modify the hazard and/or failed to properly warn Plaintiff of the hazard.

13. ROYAL CARIBBEAN knew of the foregoing conditions causing the subject incident and did not correct them, or the conditions existed for a sufficient length of time so that ROYAL CARIBBEAN, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

14. As a direct and proximate result of said negligence, GONZALEZ suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense for hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a preexisting condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff prays that this honorable court enter judgment against Defendant for damages, costs and for such other relief as the court deems just and proper, and demand trial by jury of all issues so triable.

DATED this 28th day of November, 2016.

**Respectfully submitted,**

LAWRENCE J. BOHANNON, P.A.
Attorneys for Plaintiff
1141 Southeast 2nd Avenue
Fort Lauderdale, FL 33314
Telephone: (954) 523-2800
Facsimile: (954) 523-2732
Email: brogers@bohannonrogers.com
mescobar@bohannonrogers.com
brett.rogers@bohannonrogers.com

BY: __*/s/ Robert C. Rogers*____________

ROBERT C. ROGERS, JR., ESQ.
Florida Bar No.: 274828